# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

| | | |
|---|---|---|
| ERNEST LEE DENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV624-045 |
| | ) | |
| MARLA RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

*Pro se* plaintiff Ernest Lee Denson filed this 42 U.S.C. § 1983 case alleging he was not provided with adequate medical care while incarcerated at Georgia State Prison ("GSP"). *See* doc. 1 at 5, 7-12. The Court previously screened Denson's Complaint, wherein the Court noted that although Plaintiff was allowed to proceed *forma pauperis* ("IFP"), doc. 4, his Prisoner Trust Fund Account Statement, doc. 6, was unsigned and incomplete. Doc. 7 at 1. However, given the multitude of other defects in Denson's claims, the Court accepted the defective form. *Id.* Because of those defects, the Court directed Denson to amend his Complaint. *Id.* at 10. He has done so, doc. 8, and thus the Court proceeds

to screen his Amended Complaint under the Prisoner Litigation Reform Act ("PLRA").  28 U.S.C. § 1915A.

Pursuant to the PLRA, because Plaintiff is a *pro se* prisoner, his Complaint must be screened to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  *See* 28 U.S.C. § 1915A(b).  Courts afford a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that courts have a duty to re-write the complaint.  *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006).  To avoid dismissal, the complaint must provide a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'"  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007) (quoting Fed. R. Civ. P. 8(a)(2)) (internal alterations omitted).

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

## I. Plaintiff's Original Complaint

This Court's previous order found that Denson's Complaint was deficient because it was duplicative, doc. 7 at 3-5, because it appeared Denson failed to exhaust his claim by filing grievances, *id.* at 5-7, and because the statute of limitations appeared to have run on his claims, *id.* at 7-8.

In its prior screening order, the Court found that Plaintiff already filed a suit alleging the same facts as he does presently, *i.e.*, the Defendants' alleged indifference to medical needs occurring between May 2021 and July 8, 2021, and then again from December 2021 until February 16, 2022. *See* doc. 7 at 3 (citing *Denson v. Riley*, CV623-002, doc. 1 (S.D. Ga. Jan. 19, 2023); *see also* doc. 1 at 5, 7-10. In Denson's prior case, on the Defendant's Motion, the Complaint was dismissed for failure to exhaust. CV623-002, doc. 28 (S.D. Ga. Jan. 30, 2024) *adopted by* doc. 29 (S.D. Ga. March 6, 2024). Therefore, in this case, to avoid *res judicata*

concerns, the Court directed Plaintiff to explain his failure to grieve in a manner "other than the one the court has already found insufficient." Doc. 7 at 6.  Also in this case's prior screening order, the Court found that Plaintiff's allegations stem from the prolonged neglect of two medical injuries or illnesses: one accruing, at the latest, on July 8, 2021, and the other accruing as late as February 2022.  *Id.* at 7.  Thus, the Court observed that the statute of limitations had run on Plaintiff's claims, and consequently ordered him to "allege facts that support his entitlement to tolling of the statute of limitations."  *Id.* at 8.

## II. Amended Complaint

In his timely filed Amended Complaint, Plaintiff argues that after his February 2022 plight, he was sent to Johnson State Prison after being treated at Augusta Medical Prison for months.  Doc. 8 at 14.  In effort to seek excusal for his failure to properly grieve and to toll the statute of limitations, Plaintiff claims: (1) the events "happen[ed] so fast;" (2) he was "rushed to the hospital;" (3) both defendants knew of his issues; (4) he was housed away from the prison "for months;" (5) he was "going through depression and pain, stressful;" (6) he was housed at "AU hospital and Augusta Medial Prison for months of care;" (7) he was

4

"recovering under nurse care;" (8) he had "no [access] to grievance and under great pain;" (9) he was "space[d] out on pain medicine;" and that all the while, he was (10) "running out of filing time." *Id.* Importantly, Plaintiff also specifies that he was transferred from the prison where he suffered, and that he was placed in Augusta Medical Prison for "months" of treatment, and in the meantime, the prison where he suffered the alleged violations closed. *Id.* The Court construes this as an argument seeking tolling of the statute of limitations as well as an argument seeking the excusal of his failure to grieve, considering his complaint regarding the pain medication and "running out of time." *Id.*

## A. Exhaustion

The Eleventh Circuit Court of Appeals has held the exhaustion of administrative remedies by a prisoner is "a threshold matter" to be addressed before considering the merits of a case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004); *see also Myles v. Miami-Dade Cnty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) (noting that exhaustion is a "threshold matter" that must be addressed first) (citation omitted). It is well settled that the PLRA requires an inmate wishing to challenge prison conditions to first exhaust all available administrative

remedies before asserting any claim under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Prisoners are not usually required to plead exhaustion, *see Jones v. Bock*, 549 U.S. 199, 216 (2007); instead, the United States Supreme Court has recognized that "failure to exhaust is an affirmative defense under the PLRA[.]" *Id.* The case at bar is irregular, however, because Plaintiff has already attempted to pursue damages on the same theory of relief but was dismissed because he did not refute Defendants' argument that he failed to exhaust. *See* doc. 7 at 5-7.

In this Court's Report and Recommendation in Denson's prior case, CV623-002, the Court explained that Plaintiff not only failed to grieve his issue, but that he failed to show that the grievance process was unavailable to him. *Denson v. Riley*, CV623-002, doc. 28 at 6-9 (S.D Ga. Jan. 30, 2024) *adopted by* CV623-002, doc. 29 (S.D. Ga. March 6, 2024). It also noted that the circumstances which Plaintiff pointed to as "preventing him from filing a grievance" were explicitly identified as possible bases of good cause to excuse the filing of a belated grievance, had Plaintiff done so once he was released from medical treatment. *Id.* at 7-8. The Court held that Plaintiff could have but did not file an

untimely grievance after he was released from care because Plaintiff had merely relied upon the explanations that he was ill, that he was housed separately from the offending prison and lacked access to kiosks or tablets. *Id.* at 8.

In this case, Plaintiff's argument is that the grievance policy was unavailable to him—not only due to his medical treatment (as considered in *Denson v. Riley*, CV623-002), but also because the prison was defunct and therefore grievance was unavailable. Doc. 8 at 14. This issue was not considered by this Court previously, nor did Defendants assert the affirmative defense that the grievance process is available to a prisoner whose prison was closed. Accordingly, because Plaintiff has provided novel details regarding his failure to exhaust, and given that the failure to exhaust is an affirmative defense, the Court declines to dismiss his Complaint for failure to grieve. The Court comes to this conclusion despite its prior dismissal based on the failure to file grievances in *Denson v. Riley*, CV623-002, doc. 28 (S.D. Ga. Jan. 30, 2024) *adopted by* doc. 29 (S.D Ga. March 6, 2024). *See Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (holding that exhaustion of administrative remedies is a "matter in abatement, and ordinarily does not deal with the merits.").

To be clear, however, the Court makes no determination regarding whether Plaintiff's failure to grieve was excusable or whether exhaustion was unavailable to him.  Defendants retain the burden to prove that Plaintiff did not exhaust his available remedies.  At that time, Plaintiff may prevail in showing that the grievance procedure was unavailable to him.  *See Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) ("A remedy has to be available before it must be exhausted, and to be 'available' a remedy must be 'capable of use for the accomplishment of [its] purpose.'  [Cit.]  Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available.") (citations omitted); *but see Bryant*, 530 F.3d at 1373 ("Even assuming—without deciding—that no grievance procedures were available . . ., the record supports that [the plaintiff] did have grievance procedures available to him when he transferred to GSP."); *Poole v. Rich*, 312 F. App'x 165, 167 (11th Cir. 2008) (dismissing plaintiff's complaint where plaintiff failed to allege that grievance procedures were unavailable after transfer, holding that, even though grievance would have been considered untimely, "under Georgia's grievance procedure, untimely grievances may be submitted upon a showing of good cause.")

B. *Statute of Limitations*

The Court declines to dismiss Denson's Complaint on statute of limitations grounds as well.  As this Court already informed Denson, *see* doc. 7 at 7-8, Section 1983 claims are subject to the two-year statute of limitation set forth in Georgia's personal injury statute, O.C.G.A. § 9-3-33.  *See, e.g., Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006). Under Georgia law, "[t]he bar of the statute of limitation is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases." *Fed. Express Corp. v. Denney*, 879 S.E.2d 527, 529 (Ga. Ct. App. 2022) (quoting *Focus Healthcare Med. Center v. O'Neal*, 558 S.E.2d 818 (Ga. Ct. App. 2002)) (citation and punctuation omitted).  Also, "a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *LaGrasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal quotation marks omitted) *abrogated on other grounds as recognized by Wainberg v. Mellichamp*, 93 F.4th 1221 (11th Cir. 2024).

Under Georgia's tolling statutes, a statute of limitations may be tolled for periods of time when "[i]ndividuals . . . are legally incompetent because of intellectual disability or mental illness."  O.C.G.A. § 9-3-90(a).

Tolling applies in "situations where it is not fair to charge a suitor with the running of the clock, because of his mental condition." *Martin v. Herrington Mill, LP*, 730 S.E. 2d 164, 166 (Ga. Ct. App. 2012) (internal quotation marks and citation omitted). "[T]he test to be applied is whether the one claiming the disability has such unsoundness of mind . . . as to incapacitate one from managing the ordinary business of life." *Id.* (internal quotation marks and citation omitted); *see also Lewis v. Broward Cty. Sch. Bd.*, 489 F. App'x. 297, 298-99 (11th Cir. 2012) ("[M]ental incapacity is not a *per se* reason to toll a statute of limitations and the mental impairment must have affected the petitioner's ability to file a timely petition.") (citing *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

The Georgia Court of Appeals has held that an allegation that, following a car accident the plaintiff "was totally and physically incapacitated with the result that she was incompetent to manage her affairs" was sufficient to withstand a motion to dismiss. *Lowe v. Pue*, 257 S.E. 2d 209, 211 (Ga. Ct. App. 1979); *disapproved of on other grounds by Dep't of Pub. Safety v. Ragsdale*, 839 S.E.2d 541, 545 (Ga. 2020). The Eleventh Circuit in applying *Lowe* has likewise held that an allegation

10

that "as a result of an injury caused by defendants, [the plaintiff] was physically and mentally incapacitated and was incompetent to manage his own affairs" was sufficient to invoke the tolling provisions of § 9-3-90. *Lawson v. Glover*, 957 F.2d 801, 805-06 (11th Cir. 1987).   In the unpublished *Meyer v. Gwinnett Cnty.*, Meyer's allegation that, "when [he] was released from jail, he was of such unsound mind that he was unable to carry on his ordinary life affairs," was sufficient to withstand a motion to dismiss on statute-of-limitations grounds.  636 F. App'x 487, 489 (11th Cir. 2016); *but see Thompson v. Corr. Corp. of Am.*, 485 F. App'x 345, 348-49 (11th Cir. 2012) (relying on *Wallace v. Kato,* 549 U.S. 384, 387 (2007) and *Lawson*, 957 F.2d at 805, holding that where plaintiff "undoubtedly had mental problems both before and after the assault, under medication he was able to able to manage the ordinary affairs of his life.)

Accordingly, because it is not clear from the face of the Complaint that the statute of limitations should apply, and because the Court did not previously consider the statute of limitations in *Denson v. Riley*, CV623-002, Denson's Complaint once again survives screening, and his Amended Complaint should be served on the Defendants.  *See Meyer*, 636

F. App.'x at 489 (distinguishing 12(b)(6) burden to show tolling from summary judgment burden).

## III.   Conclusion

As this Court held in CV623-002, Plaintiff appears to have stated an Eighth Amendment claim against Defendants Bobbitt and Riley, and those claims should proceed beyond screening.  Since the Court approves for service Plaintiff's claims against Defendants, a copy of Plaintiff's Amended Complaint, doc. 8, and a copy of this Order shall be served upon Defendants by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff.  The Court also provides the following instructions to the parties that will apply to the remainder of this action.

### <u>INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION</u>

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal.  Fed. R. Civ. P. 4(c)(3).  In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons.  Fed. R. Civ. P. 4(d); Local R. 4.5.  A defendant has a duty to avoid unnecessary costs of serving the summons, and any

defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed within that discovery period.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him that he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall

present such questions to the witness in order and word-for-word during the deposition.  Fed. R. Civ. P. 30(c).  Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action.  Local R. 11.1.  Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney).  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel.  Fed. R. Civ. P. 5.  "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number."  Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case.  For example, if Plaintiff wishes to obtain facts and information about the case from a

Defendant, Plaintiff must initiate discovery. <u>See generally</u> Fed. R. Civ.

P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire

140 days after the filing of the last answer. Local R. 26.1. Plaintiff does

not need the permission of the Court to begin discovery, and Plaintiff

should begin discovery promptly and complete it within this time period.

<u>Id.</u> Discovery materials should **not** be filed routinely with the Clerk of

Court; exceptions include: when the Court directs filing; when a party

needs such materials in connection with a motion or response, and then

only to the extent necessary; and when needed for use at trial. Local R.

26.4.

Interrogatories are a practical method of discovery for incarcerated

persons. <u>See</u> Fed. R. Civ. P. 33. Interrogatories may be served only on a

**party** to the litigation, and, for the purposes of the instant case, this

means that interrogatories should not be directed to persons or

organizations who are **not named** as a defendant. Interrogatories are

not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff

wishes to propound more than 25 interrogatories to a party, Plaintiff

must have permission of the Court. If Plaintiff wishes to file a motion to

compel, pursuant to Federal Rule of Civil Procedure 37, he should first

15

contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery.  Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case.  If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.  **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute.  Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant.   Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question

which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

## <u>ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT</u>

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's

affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED,** this 21st day of October, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA