UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| ERNEST LEE DENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV624-045 |
| | ) | |
| MARLA RILEY and TREVONZA BOBBITT, | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This case was stayed pursuant to 11 U.S.C. § 362 "until the Bankruptcy Court grants relief from the stay, closes the bankruptcy case, or dismisses the petition." Doc. 24 at 1. Defendant Riley filed a status report indicating that the United States Bankruptcy Court for the Southern District of Texas has confirmed Wellpath Holdings, Inc.'s ("Wellpath") Chapter 11 Reorganization Plan and that the bankruptcy stay with respect to Riley "has been lifted and is no longer in place." Doc. 29 at 1-2. Riley is the only party to this case shielded by Wellpath's declaration of bankruptcy.[1] Therefore, the Clerk is **DIRECTED** to lift

---

[1] Defendant's status report references a "Defendant Jones," doc. 29 at 2, but Marla Riley and Trevonza Bobbitt are the only defendants in this action. *See generally* docket.

the stay and enter a new scheduling notice. Now that the automatic stay is lifted, there are a number of motions and filings that require attention.

The Court first turns to Defendant Riley's counsels' notice of withdrawal. Doc. 27. This Court has informed Riley's counsel that "if [they] would like to withdraw from their representation of Defendant Riley, they must file a request that complies with all of the requirements of the Local Rule." Doc. 28 at 1. Their notice of withdrawal neither complies with Local Rule 83.7 nor includes any "request" for Court action. *See* doc. 27. The Local Rule provides that the Clerk of Court shall mail a copy of counsel's notice of withdrawal to the affected client before the Court acts on counsel's request. *See* S.D. Ga. L. Civ. R. 83.7. The Clerk cannot perform his duty because Riley's address is not included in counsels' notice or the record of this case. *See* doc. 27; *see generally* docket. Therefore, to the extent counsels' notice represents a request to withdraw from the representation of Defendant Riley, it is **DENIED**. Doc. 27. If Riley's counsel still intend to withdraw they must file a motion requesting such relief. In that motion, they must either (a) include a certification of compliance showing that notice has been mailed to Riley's last known address or (b) provide the Court with Riley's last known

address. Last, the Court observes that, while counsels' notice purports to signal the withdrawal of both Jacob Stalvey O'Neal and Robin Daitch, it is only signed by Mr. O'Neal. If Ms. Daitch intends to withdraw, she must sign any forthcoming motion.

The Court now proceeds to address Plaintiff's filings, beginning with his request for appointed counsel. Doc. 25. First, Plaintiff has no constitutional right to counsel in this civil case. *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to

require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). Moreover, this Court has repeatedly recognized that "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As Plaintiff's submissions have been clear and cogent, the Court does not find any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Plaintiff's request for appointed counsel is, therefore, **DENIED**. Doc. 25.

Plaintiff has also filed a document titled "Motion for Propose" that appears to be an attempt to amend his Amended Complaint. Doc. 30. However, he has since filed a Motion to Withdraw his "Motion for

Propose." Doc. 31. The Court **GRANTS** Plaintiff's Motion to Withdraw. Doc. 31. The Clerk is **DIRECTED** to terminate Plaintiff's "Motion for Propose." Doc. 30.

    **SO ORDERED**, this 11th day of June, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA