**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| ERNEST LEE DENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV624-045 |
| | ) | |
| MARLA RILEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Ernest Lee Denson filed this action *pro se* and *in forma pauperis* on August 7, 2024, alleging constitutional violations related to his medical care while incarcerated. *See* doc. 1 (Complaint). On November 14, 2025, Defendant Bobbitt filed a Suggestion of Death pursuant to Rule 25(a) of the Federal Rules of Civil Procedure stating that Denson passed away on October 29, 2025. Doc. 55. The Court directed Bobbitt to show cause "whether he adequately served the Suggestion of Death on any nonparties required under Rule 25(a)," doc. 61 at 2, since the original Suggestion of Death was silent concerning this aspect. Bobbitt timely complied and notified the Court that there is no estate for Plaintiff and no successor or representative with the authority

1

to serve as a substitute party, but that, on January 15, 2026 he served the suggestion of death upon Plaintiff's next of kin.  Doc. 63.

Bobbitt states that, "[b]ecause there was no successor or representative, the 90-day period for filing a motion for substitution began to run on November 14, 2025, when the suggestion of death was filed and served on the parties.  A motion for substitution has not been made within 90 days after service of the suggestion of death and the action by . . . the decedent must be dismissed." Doc. 63 at 2 (quoting Fed. R. Civ. P. 25(a)(1)) (internal quotation marks omitted).  The Court agrees.

Because there does not appear to be any non-party that must be served with the Suggestion of Death and the 90-day period to file a motion to substitute has passed without the appearance of Mr. Denson's estate's administrator, this case should be **DISMISSED**.  Fed. R. Civ. P. 25(a)(1).  The Clerk is **DIRECTED** to mail a courtesy copy of this Report and Recommendation to each of Mr. Denson's next of kin identified in

Bobbitt's Response to Order of Show Cause. Doc. 63 at 1; *see also* doc. 63-1. The courtesy copies should be mailed to the following addresses:

1. Antwain D. Akins

   315 Adler Street

   Tifton, Georgia 31794

2. Shermaine M. Denson

   25 Tifton Eldorado Road

   Tifton, Georgia 31794

3. Raphael Lee Denson

   113 11 Street W.

   Tifton, Georgia 31794

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

3

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 7th day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA